**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| NETTIE B. NICHOLS | CIVIL ACTION |
| VERSUS | 17-104-SDD-EWD |
| WELLS FARGO HOME MORTGAGE ET. AL. | |

**RULING**

Pending before the Court are three separate motions.[1] The original *Motion to Dismiss*[2] was filed by the *pro se* Plaintiff, Nettie B. Nichols ("Plaintiff" or "Nichols") on June 16, 2017. Wells Fargo Home Mortgage, et. al. ("Defendants" or "Wells Fargo") then filed a *Motion to Dismiss Plaintiff's Amended Complaint or in the Alternative to Abstain or Stay Proceedings or for a More Definite Statement*,[3] to which Plaintiff filed a *Motion to Deny Defendants Motion to Dismiss Plaintiffs Amended Complaint or in the Alternative to Abstain or Stay Proceedings or for a More Definitive Statement*.[4] For the following reasons, the Defendants' *Motion to Dismiss* is GRANTED,[5] and Plaintiff's *Motions*[6] are DENIED as moot.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Before the Court is a *pro se* Plaintiff who filed her original *Complaint*[7] in the United

---
[1] Rec. Docs. 16, 24, 26.
[2] Rec. Doc. 16.
[3] Rec. Doc. 24.
[4] Rec. Doc. 26.
[5] Rec. Doc. 24
[6] Rec. Doc. 16, 26, 32.
[7] Rec. Doc. 1.
43764

States District Court for the District of Columbia on January 27, 2017. Plaintiff alleges that Wells Fargo stopped accepting payment on a loan taken against a home which she allegedly co-owned with Ms. Gloria R. LaMotte ("LaMotte") in August and September 2016.[8] The original servicer of the loan was America's Servicing Company ("ASC"), which Plaintiff alleges is a division of Wells Fargo Home Mortgage.[9] The loan was taken by the home's co-owner, LaMotte, in 2000 and was assigned to Wells Fargo Home Mortgage for loan servicing.[10] LaMotte died in 2012.[11] Plaintiff alleges:

> In October 2016, Wells Fargo stopped all communication [] with the Plaintiff stating the house belongs to Wells Fargo and they were taking possession of the house immediately because Ms. LaMotte is dead. They further asserted that the power of attorney held by the Plaintiff for Ms. LaMotte's affairs died with Ms. LaMotte; they refused to speak with the Plaintiff concerning the account.[12]

Plaintiff asserts that she tried to pay the loan in November 2016, "and was asked by a Wells Fargo representative for the papers from the court showing personal representative [capacity] over the estate of Ms. LaMotte."[13]

After Plaintiff provided "the papers from the Court,"[14] Wells Fargo sent Plaintiff a bill for $2,424.24.[15] According to Plaintiff, she told Wells Fargo that she had made payments in August and September, although upon review of her bill she "noticed" that the payments for August and September were unapplied.[16] Plaintiff further alleges that

---

[8] Rec. Doc. 12-1, p. 2.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *Id.* at p. 2.
[13] *Id.* at pp. 2-3.
[14] *Id.* at p. 3.
[15] *Id.* at p. 3.
[16] *Id.*

43764

"Wells Fargo failed to apply her payments to the loan and refused to accept payments in September and November. Instead, Wells Fargo allowed the loan to become 5 months delinquent so they, as the Master Servicer on the loan, could give the account over to the trustee, Deutsche Bank for foreclosure."[17] Plaintiff avers "the Defendants' purpose is to fraudulently take the house from the Plaintiff since Ms. LaMotte has passed."[18]

Plaintiff alleges that Defendants knew of LaMotte's death in 2012 because Plaintiff notified ASC, and the Court published the will of LaMotte in the National Law Journal.[19] Plaintiff alleges that ASC, Wells Fargo Home N.A., Deutshe Bank National Trust Company as Trustee, and Soundview Home Loan Trust 2006-2 did not appear in the District of Columbia courts.[20] According to Plaintiff, "the Defendants' time for filing a claim of ownership has expired for 625 South 15 Street [,] Baton Rouge, LA 70802. All assets were released to [Plaintiff], Personal Representative for [Ms. LaMotte], on April 30, 2013, by the Superior Court of the District of Columbia Probate Division [.]"[21] Plaintiff argues that the home was willed to her "and ordered by the court because the creditors did not appear in court to claim their asset."[22] It is Plaintiff's contention that "[she] owns the home but not the debt, as confirmed by Wells Fargo [.]"[23]

Simultaneous with the adjudication of this case, Plaintiff alleges that Deutshe Bank, the trustee of the loan on the property, filed a foreclosure action in the 19th Judicial District Court for the State of Louisiana on February 3, 2017.[24] Plaintiff states that she

---

[17] *Id.*
[18] *Id.*
[19] *Id.*
[20] *Id.*
[21] *Id.* at p. 4.
[22] *Id.*
[23] *Id.*
[24] *Id.* at p. 4.
43764

called Dean Morris, the attorneys handling the foreclosure, and notified them that the residence was subject to litigation in this Court.[25] Plaintiff alleges that Dean Morris did not proceed with the foreclosure because she provided "the papers from the court and the Plaintiff's bank statement to show proof of payments to the mortgage company."[26]

Plaintiff "requests the foreclosure of the home to cease," "to be absolved from the debt against the property and to be reimbursed for the mortgage payments she made over the last four and a-half years," and seeks judgment against the Defendants for an amount in excess of $75,000."[27]

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)[28]

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[29] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[30] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[31] In *Twombly*, the United States Supreme

---

[25] *Id.* at 5.
[26] *Id.*
[27] *Id.* The Court has jurisdiction pursuant to diversity jurisdiction pursuant to 28 U.S.C. § 1332 because all Defendants and the Plaintiff are domiciled in different states, and the amount in controversy is in excess of $75,000 given that the property at issue is alleged to be $169,900.
[28] The Court notes that Defendants moved for dismissal under Rule 12(b) without specifying which subsection applied. Based upon the arguments presented in Defendants' Motion to Dismiss, it is clear to the Court that Defendants' sought dismissal under Rule 12(b)(6); accordingly, the Court will analyze the Defendants' motion under the Rule 12(b)(6) standard.
[29] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[30] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[31] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
43764

Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[32] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[33] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[34] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[35] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[36] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[37]

### B. Motion to Dismiss the Complaint of a *Pro Se* Plaintiff

The United States Supreme Court has ruled that a more liberal standard applies when the Court is evaluating a 12(b)(6) motion when the Plaintiff is *pro se*.[38] The Supreme Court in *Erickson v. Pardus*[39] reasoned: "a *pro se* complaint, however inartfully

---

[32] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and brackets omitted) (hereinafter *Twombly*).
[33] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal citations omitted) (hereinafter "*Iqbal*").
[34] *Twombly*, 550 U.S. at 570.
[35] *Iqbal*, 556 U.S. at 678.
[36] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[37] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[38] *Erickson v. Pardus*, 551 U.S. 90, 93 (2007).
[39] *Id.*
43764

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[40] The Court in *Erickson* reversed and remanded the district court's ruling, which granted the 12(b)(6) motion, because the district court determined that the plaintiff failed to allege that the denial of medical treatment in prison caused him "substantial harm."[41] The Supreme Court reasoned that the district court's ruling was inconsistent with the 12(b)(6) standard outlined in *Twombly* and *Iqbal*, and the liberal pleading standard applied when the Plaintiff is *pro se*.

The plaintiff in *Erickson* specifically alleged that prison officials violated his 8th Amendment rights and sued under 42 U.S.C. § 1983 ("§ 1983").[42] The Court has carefully reviewed Plaintiff's *Comprehensive Amended Complaint*[43] but is unable to discern under what statute Plaintiff is seeking relief and what laws Defendants are alleged to have breached. Unlike the *pro se* plaintiff in *Erickson*, Nichols has failed to allege which state or federal laws Defendants violated and the statute that entitles her to the prayed for relief. Because the plaintiff in *Erickson* sued under § 1983 and specifically alleged the laws defendants allegedly violated, the Supreme Court was able to conclude that sufficient facts were plead for his claim to survive a 12(b)(6) motion.[44] As our sister court in the Southern District of Texas noted: "Dismissal under Rule 12(b)(6) is proper not only where the plaintiff fails to plead sufficient facts to support a cognizable legal theory, but also where the plaintiff fails to allege a cognizable legal theory."[45] Even under the liberal lens

---

[40] *Id.*
[41] *Id.*
[42] *Id.* at 90.
[43] Rec. Doc. 12-1.
[44] *Erickson*, 551 U.S. at 93.
[45] *Residents Against Flooding v. Reinvestment Zone Number Seventeen, City of Houston, Texas*, 260 F.Supp.3d 738, 756 (S.D. Tex. May 9, 2017)(citing *Kjelvander v. Citicorp*, 156 F.R.D. 138, 140 (S.D. Tex. 1994)(citing *Garret v. Commonwealth Mortgage Corp.*, 938 F.2d 591, 594 (5th Cir. 1991))).
43764

of the *pro se* pleading standard, Plaintiff's *Comprehensive Amended Complaint* cannot survive Defendants' 12(b)(6) motion. By failing to specify any theory or law which entitles Plaintiff to the relief sought, and which laws Defendants violated, the Court is unable to perform a rudimentary 12(b)(6) analysis because Nichols has failed to plead a cognizable legal theory and "the grounds of [her] entitlement to relief."[46] Further, the Court is unable to identify a legal theory, based on the facts as pled, that entitles Plaintiff to the relief sought. Finally, the Court finds that leave to amend any further would be futile considering that Plaintiff has already amended her Complaint twice.[47]

---

[46] *supra* n. 29.
[47] *See* Rec. Doc. 10, Rec. Doc. 13, Rec. Doc. 12.

### III. CONCLUSION

For the above stated reasons, Defendants' *Motions to Dismiss*[48] are GRANTED. Plaintiff's *Motion to Dismiss*,[49] *Motion to Deny Defendants Motion to Dismiss Plaintiffs Amended Compliant or in the Alternative to Abstain or Stay Proceedings for a More Definite Statement*,[50] and *Motion to Dismiss Plaintiff's Petition to Enforce Security Interest by Ordinary Process*,[51] are hereby DENIED AS MOOT.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>February 1, 2018</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[48] Rec. Doc. 24. and Rec. Doc. 35-1.
[49] Rec. Doc. 16.
[50] Rec. Doc. 26.
[51] Rec. Doc. 32.
43764